Richardson, J,
delivered the opinion of the Court.
The main point in this case was settled as early as 1805, in the case of Reynolds v. Terrence; and the practice was uninterrupted up to 1819, when the Court, in the case of the Administrator of Smith v. Mitchell, 2 N. & M. 64, had occasion again to consider it, and they then laid down the rule as follows: “ that. when a person sues in the character of an executor or *448 administrator, he must make profert of his letters testamentary, or of administration, as the case may be. If he fail to do so, the defendant may demur to the declaration. If he make profert, the defendant may crave oyer, and the letters must be produced for his inspection. He may then take any exception to them by pleading, or otherwise, that he may think proper. But if he then plead the general issue, he admits the plaintiff properly in Court; and he is not bound to produce his letters afterwards.”
Here then we have the rule laid down for the case now before tis. But it may be said, that it does not appear from the report of either of those cases, that the plaintiff bad made profert of the letters testamentary, &c. as is made in this case. If this difference in the cases does in fact exist, it can make none in the rule laid down for the practice in such cases. The rule is bottomed upon this comprehensive principle of pleading, that pleas to the disability of the plaintiff must be specially pleaded. It is the regular order of pleading, established because such pleas do npt, in general, reach the justice of a case; and being once established is to be presumed convenient, preventing surprize, and conducive to the ends of justice. The defendant could not he surprized if he had followed the rule laid down. This the plaintiff has done, and we must not suffer him to be surprized, when the rule is with him.
Motion refused.